Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error seeks the reversal of an order of a County Court, requiring the plaintiff in error to give bond for the maintenance of. a bastard child; and which must be reversed for the following, among other reasons—
First. The mother of the bastard was the principal witness against the plaintiff, and the Court refused to permit him to prove her general moral character. Such proof was relevant, and may have been, not only important, but decisive, — because it might have shown how far, or whether at all, her testimony ought to have been accredited.
Second. The mother had been, but a short time prior to the birth of the child, a married woman, and, though she had abandoned her husband, she was still his wife, unless he was dead, and there was no proof of his death. She inferred his death only from his great age; but other witnesses, proved negative circumstances, and, upon the whole, there was no evidence as to the fact of his death. Consequently, as the bastardy statute applies only to single women, the judgment oí filiation, and the consequential order against the plaintiff, as the putative father, were erroneous; even if the testimony of the mother— inconsistent and disproved in many particulars as it was, — could have otherwise been sufficient to justify the decision by the County Court.
Third. Some effort having been made to induce the belief, that one John Hargis, who was prosecuting as county court attorney, was the father of the child, the Court permitted him to intervene, as if he had been a party, and, for the alleged purpose of rescuing himself *454 from suspicion, to prove declarations that he himself lud made. This was clearly irregular and erroneous. What he had said was not evidence against the plaintiff; and if he was not the father, and was desirous to furnish his own statements, as evidence of that fact, he ought to have testified in court, and under the sanction of an oath.
Wherefore, without noticing other objections to the foregoing orders of the County Court, they must, for the reasons suggested, be set aside, and the case remanded.