The State, on the Complaint of S. Bell, *v.* Allen.

A justice's transcript in a case of bastardy stated, that the justice had adjudg-
ed the defendant to be the father of the child, and had recognised him to
appear in the Circuit Court; but it omitted to state that the defendant had
failed to compensate the mother.  *Held*, that the Circuit Court ought not,
for that omission in the transcript, to discharge the defendant from his re-

Nov. Term,
1836.

The State
v.
Allen.

cognisance. *Held*, also, that if the compensation had been made, bond given, &c., the same might be pleaded in the Circuit Court in bar of the accusation.

The mother's affidavit in such case need not state that she is resident in the county, or that the child was born there, or that it is alive.

After the defendant's discharge from his recognisance in such case, it is too late for a motion on the part of the state to have the recognisance forfeited.

*Friday,*
*March* 24,
1837.

ERROR to the *Clinton* Circuit Court.

BLACKFORD, J.—This is a case of bastardy certified by a justice of the peace to the Circuit Court.

The transcript of the justice states that *Sarah Bell*, an unmarried woman of *Clinton* county, on the 20th of *September*, 1834, made oath before him, that she had been delivered of a bastard child on the 13th of *June* preceding, and that *Jesse Allen* was the father of the child. The transcript also states, that, upon this accusation, a warrant issued against *Allen*, who appeared and denied the charge; and that after the complainant had been examined by the justice and cross-examined by the defendant, the justice adjudged the defendant to be the father of the child. The transcript also states, that the justice bound the defendant in a recognisance for his appearance at the next term of the Circuit Court to answer the accusation.

The Circuit Court, on the defendant's motion, discharged the defendant from the recognisance.

The first ground taken by the defendant to sustain the judgment below is, that the justice's transcript does not show that the defendant, after the justice had decided against him, failed to compensate the complainant, &c. as prescribed by the statute. This position is not tenable. The defendant had the right, after the justice's decision against him, to have the proceedings stayed, by making compensation to the mother, &c. But as the proceedings were not stayed, and the justice's transcript does not show the compensation to have been made, &c., we must presume, in favour of the proceeding of the justice, that the defendant did not compensate the mother, &c., conformably to the statute. If the compensation was made, the bond given, &c. before the taking of the recognisance, the defendant is not without remedy. He may plead the fact in bar, in the Circuit Court, of the accusation against him.

The defendant contends, in the second place, that the com-

plainant's affidavit, made before the justice, is defective for not stating that she resided in the county, that the child was born there, and that it was then alive. There was no necessity for the accusation to state these facts. The statute does not require it. The justice's transcript states, that the complainant was resident in the county, and it must be presumed that the child was there born and was then alive. If the facts were otherwise, and were material, the defendant should have shown what they were.

The judgment of the Circuit Court, in discharging the defendant from the recognisance, is erroneous.

It appears that after the defendant was discharged, the state moved for a forfeiture of the recognisance. That motion was correctly overruled. It was too late, after the defendant's discharge, to have his recognisance forfeited. The motion, however, may now be renewed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Herod* and *C. B. Smith*, for the state.
*D. Wallace* and *A. S. White*, for the defendant.