May Term,
1837.
───────────
COOPER
v.
THE STATE.

COOPER *v.* THE STATE, on the Relation of DEAN.

Any unmarried woman resident in the state, may make complaint before a justice, under the statute, against the father of her bastard child, without regard to the place where the child was born.

The Court in ordering the father of such child to make certain payments for its maintenance, should not direct an execution to issue in case of non-payment.

Upon an order for such payments, a *scire facias* or an action of debt may be sustained by the party entitled to the money.

*Tuesday,*
*August 22.*

ERROR to the *Harrison* Circuit Court.

BLACKFORD, J.—A justice of the peace filed in the Circuit Court the proceedings which had taken place before him in a case of bastardy. The complaint is by the state, on the relation of *Malinda Dean*, the mother of the child, against *William Cooper*, the reputed father. The mother was resident in this state when the complaint was made; and the child was begotten in this state, but was born in the state of *Kentucky*. The cause was tried in the Circuit Court on the plea of not guilty, and a verdict found against the defendant. Upon this verdict, the Court ordered that the defendant should pay certain sums of money, at certain periods, for the maintenance of the child. It was further ordered, that an execution should issue for the payments as they respectively became due, and the amount be paid to the mother of the child.

There are two objections to these proceedings which it is necessary to notice.

The first is, that as the child was born in the state of *Kentucky*, the Court had no jurisdiction of the cause. This objection is without foundation. The statute authorises any unmarried woman resident in the state, to make the complaint against the father of her bastard child, without regard to the place where the child was born. Rev. Code, 1831, p. 285 (1).

The other objection is to that part of the order of the Court, which directs an execution to issue on the payments as they respectively become due, &c. We think the Court has made a mistake as to this matter. The party who may be entitled to any one of the payments when it becomes due, may have a *scire facias* or an action of debt for the same, and the order, if unreversed at the time, will be conclusive evidence of the

amount being due from the reputed father. *Harrington et al. v. Ferguson, May* term, 1827. But it is not proper, that an execution should issue upon the order, until the defendant has had an opportunity to show that the person for whose use it issues, is not the one entitled to the money (2).

DEWEY, J., having been concerned as counsel in the cause, was absent.

*Per Curiam.*—That part of the order directing an execution to issue, &c., is reversed, and the residue affirmed. To be certified, &c.

*J. W. Payne, C. Fletcher,* and *O. Butler,* for the plaintiff.
*W. Quarles,* for the state.

(1) Accord. Rev. Stat. 1838, p. 330.
(2) The order stands now as a judgment; the sureties for its performance are entered of record in the nature of replevin-bail; and when an instalment becomes due, execution goes against the principal and sureties. Rev. Stat. 1838, p. 333.