*H. Cooper,* for the appellant.

*D. H. Colerick,* for the appellee.

*May Term, 1839.*

BEEMAN *v.* THE STATE.

---

BEEMAN *v.* THE STATE, on the Relation of STEVENS.

The complaint, in a case of bastardy, need not state where the mother of the child resides.

It will be presumed in such case, the record not showing the contrary, that the justice did his duty.

The judgment against the defendant in such case may be, that he pay the mother, for the support of the child, a certain sum *per annum* for five years, &c.

ERROR to the *Owen* Circuit Court.

SULLIVAN, J.—This was a case of bastardy. The complaint was made to the justice of the peace by the mother of the child, which was returned with the proceedings thereon to the Circuit Court. On the plea of not guilty, the jury found the defendant below to be the father of the child. The judgment of the Court was that the defendant pay to the mother, for the support of the child, the sum of 25 dollars *per annum* for five years, &c.

The errors assigned are, 1. That the complaint does not state that the complainant is a resident of *Owen* county, nor of the state of *Indiana.* 2. That the justice of the peace,

*Tuesday, July 2.*

when he adjudged the defendant to be the father of the child, did not give him an opportunity of compromising with the mother, and indemnifying the township, before he required him to enter into recognizance to appear before the Circuit Court. 3. That the Circuit Court erred in directing the money to be paid to the mother for the benefit of the child, without requiring security for the performance of the trust.

The statute does not require the complaint to show the residence of the mother of the child. If the transcript of the proceedings before the justice of the peace shows that she resided within the state, it is sufficient. This point was so decided in the case of *The State* v. *Allen*, 4 Blackf. 269.

On the second point made, the record is silent. We do not know whether the defendant refused to settle with the mother of the child and indemnify the township, or whether he was denied the opportunity of doing so. We cannot presume the latter. Unless the contrary be made manifest by the record, we will presume that the justice of the peace did his duty. This point was also made in the case last-cited, and was overruled by the Court.

The question arising on the third error assigned was under the consideration of this Court in the case of *Cooper* v. *The State*, 4 Blackf. 316; and it was there decided that a judgment similar to the judgment in this case was well enough. The order of the Court in the case before us is, that the money be paid to the mother for the maintenance of the child. Under that order the mother, or any other person having the care and custody of the child, may, by *scire facias* or debt, recover the instalments as they become due. *Harrington et al.* v. *Ferguson*, 2 Blackf. 42.

*Per Curiam.*—The judgment is affirmed with costs.

*C. P. Hester*, for the plaintiff.

*W. Quarles*, for the defendant.