### STANFIELD and Wife *v.* FETTERS.

Debt lies in this state on a judgment rendered in *Ohio* against the father of a bastard child charging him with a certain sum, payable by instalments, for the child's maintenance ; but the declaration must show that the plaintiff had maintained the child, and thus entitled himself to the money sued for.

*Monday,*
*December* 8.

ERROR to the *Kosciusko* Circuit Court.

DEWEY, J.—This was an action of debt by *Stanfield* and his wife, *Sarah*, against *Fetters*. The declaration contains four counts. The first count sets forth a certain portion of the statute of *Ohio*, entitled " An act for the maintenance and support of illegitimate children." The recited portions of the act prescribe the manner of prosecuting the putative father, and the judgment which shall be rendered against him if found guilty. The count then recites proceedings under the statute by *Sarah*, in *Ohio*, and while sole, in the name of the state, against the defendant on a charge of being the father of her illegitimate child; and alleges that such proceedings were had, that the Court of Common Pleas for *Montgomery* county, on, &c., " adjudged that the defendant should stand charged as the reputed father of the said child, and should stand charged with the maintenance thereof in the sum of 105 dollars," (payable in instalments at specified periods, but

without naming to whom); that execution should issue for any of the instalments if not paid; and that the defendant should give security for the performance of the judgment, &c. It is then averred that the defendant, having failed to give security, was imprisoned; and that he was finally discharged from imprisonment under the insolvent laws of *Ohio*, without having paid any part of the judgment, which still remained in full force, &c. The three other counts are substantially the same as the first.

The defendant demurred generally to the declaration, and the demurrer was sustained. Judgment for the defendant.

The law of *Ohio*, as recited in the declaration, is the same as our statute of 1831 on the subject of the support of illegitimate children; and this Court has decided that a judgment, similar to that in the record, founded on that statute, would support an action of debt by the party entitled to the payments as they became due. *Cooper* v. *The State*, 4 Blackf. 316. But that party is the person who. has maintained the child; and he must show in his declaration how he became entitled to the benefit of the order or judgment for the maintenance of the child. *Harrington et al.* v. *Ferguson*, 2 Blackf. 42. See, also, *Beeman* v. *The State*, 5 Blackf. 165. The declaration before us is defective for not showing the title of the plaintiffs to the money adjudged for the support of the child. It does not appear that the plaintiffs, or either of them, have been subjected to any expense or trouble in the care and maintenance of it. The declaration is perfectly silent as to what became of the child, whether it lived or died, or who had the custody and support of it. The demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*J. H. Bradley*, for the plaintiffs.