CHARLES VOLKSDORF

v.

THE PEOPLE EX REL., etc.

1. BASTARDY ACT—RELATRIX MUST BE UNMARRIED AT TIME OF COMPLAINT.—Where the relatrix, who while unmarried was delivered of a bastard child, had married subsequent to the birth of the child, and at the time of making complaint under the Bastardy Act was a married woman. *Held*, that the term "unmarried" applies to and qualifies the *status* of the mother as complaining witness, and that the statute authorizes unmarried women only to make complaint in bastardy proceedings.

2. CONSTRUCTION AND INTERPRETATION OF STATUTES.—It is one of the settled rules applicable to the construction and interpretation of statutes that when an act is expressed in clear and precise terms, when its sense is plain and leads to nothing absurd, courts are to adopt the meaning which the words naturally import.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding. Opinion filed January 30, 1883.

This was a prosecution under the Bastardy Act, Chap. 17, Rev. Stat., instituted upon complaint of the relator, Augusta Hilmus, against appellant Volksdorf.

The complaint was made before a justice of the peace, by whom appellant was bound over to the Criminal Court of Cook county.

Motions were made to dismiss the proceeding, both before the justice and in the criminal court, for want of jurisdiction, it being stipulated that the complaining witness was a married woman at the time of making the complaint, and has since so remained.

The motions to dismiss were overruled, and the defendant excepted.

There was a jury trial, resulting adversely to the defendant, and judgment was rendered against him for $493.50, from which this appeal is prosecuted.

Mr. W. B. CUNNINGHAM, for appellant; that complainant

must be unmarried, cited R. S. 1881, Ch. 17, § 1; 1 Blackstone Com. 458; Durham v. The People, 49 Ill. 233; Cook v. The People, 51 Ill. 143; R. S. Ohio, Ch. 14, § 5; Devinney v. State, Wright ( Ohio), 564; Haworth v. Gill, 30 Ohio St. 627.

Evidence that complainant was the mother of several bastard children was competent: 1 Greenl. on Ev. § 459; Parkhurst v. Lowton, 2 Swanst. 216; Wilson v. The People, 26 Ill. 434.

Where an agreement is not vitiated by fraud in its procurement, and appellant has paid on the contract, the agreement is a bar to a suit on the claim: Coleman v. Frum, 3 Scam. 378; Hendrix v. The People, 9 Bradwell, 45.

Mr. CLARENCE F. DORE, for appellee; that the term "unmarried" qualifies directly the *status* of the mother at the time of pregnancy and delivery, and her *status* as relatrix only consequentially if she shall make her complaint during pregnancy, cited Sisco v. Harmon, 9 Vt. 129.

As to interpretation of a remedial statute: Jackson v. Warren, 32 Ill. 331; Hadley v. Morrison, 39 Ill. 392; Casner v. Walrod, 83 Ill. 171; Burgett v. Burgett, 1 Ohio, 221; Potter's Dwarris on Statutes, p. 144; Rex v. Inhabitants, 9 K. B. ( East) 388; Wilkie v. West, 1 Murphy ( N. C.), 319; Roth v. Jacobs, 21 Ohio, 646; Brush v. Blanchard, 18 Ill. 46; Mowbry v. Mowbry, 64 Ill. 383.

A parol agreement for an indefinite length of time is within the Statute of Frauds: Knowlman v. Bluett, 9 Law Rep. ( Exchequer) 1.

As to instructions: Sigsworth v. McIntyre, 18 Ill. 126.

Proof of delivery by relatrix of other bastards was not admissible: Parker v. Dudley, 118 Mass. 602; Duck v. State, 17 Ind. 210; Holcomb v. The People, 79 Ill. 409.

WILSON, J.   The act in relation to bastardy, Chap. 17, Rev. Stat., provides, that " When an unmarried woman who shall be pregnant or delivered of a child which by law would be deemed a bastard, shall make a complaint to a justice of the peace of the county," etc.

The only question which it is necessary to consider on this

appeal is whether the relatrix, who, while unmarried, was delivered of a bastard child, comes within the provisions of the statute, she having married subsequent to the birth of the child, and being at the time of making the complaint a married woman.

In other words, does the word "unmarried" qualify the *status* of the mother merely in respect to the time of her pregnancy and delivery, or does it also qualify her *status* as a complaining witness?

We are of opinion that the term "unmarried" applies to and qualifies the *status* of the mother as complaining witness, and that the statute authorizes unmarried women only, to make complaint in bastardy proceedings.

It is one of the settled rules applicable to the construction and interpretation of statutes, that when an act is expressed in clear and precise terms, when its sense is plain and leads to nothing absurd, courts are to adopt the meaning which the words naturally import.

In Dwarris on the Construction of Statutes, it is said:

"Statutes should be interpreted according to the most natural and obvious import of their language, without resorting to subtle or forced construction for the purpose of either limiting or extending their operation. Courts can not correct supposed errors, omissions or excesses of the legislature." Potter's Dwarris, pp. 143–144, and cases cited in notes. And in respect to the intention of the legislature in the enactment of a statute, the rule is that when the language is explicit, courts must seek for the intention in the words of the act itself, and they are not at liberty to suppose that the legislature intended anything different from what their language implies: Supervisors of Niagara v. The People, 7 Hill. 53. As is said in Dwarris, *supra*, "To go elsewhere than to the act itself in search of conjectures in order to restrain or extend it, is to elude it." Applying these and similar rules of construction to the statute before us, there would seem to be little room for discussion. The words are "Whenever an unmarried woman shall make complaint," etc. Neither is the language ambiguous, nor is the meaning obscure.

Volksdorf v. The People ex rel.

The proceedings are limited by the very words of the statute to prosecutions in which the relatrix is an unmarried woman at the time of making the complaint. The legislature having prescribed the mode of procedure in these cases, and designated a particular class of persons upon whose complaint the proceedings may be instituted, such designation must be deemed to be exclusive of every other class. Nor is it for the courts to say that because the injury to be redressed may be as great in the one case as in the other, the statute should be enlarged by construction to embrace both. If the legislature deemed it wise on grounds of public policy, or for any other reason, to withhold the benefit of the statute from a married woman, we are bound by it. Under the English statutes no distinction was made; the remedy was open alike to married and unmarried women. In most of the United States unmarried women alone are designated. Our statute, in the precise language in which it now appears, has existed for more than fifty years; having been retained in all the revisions down to the present time. And we must presume that if the legislature had intended to authorize bastardy proceedings upon complaint of a married woman, it would have so expressly declared, instead of leaving such intention to inference and conjecture, contrary to the plain meaning of the words of the statute. We are not aware that this statute has ever received any express construction by our Supreme Court, but its limitation to cases of complaints by unmarried women seems to have been taken for granted, and at least impliedly conceded in several cases. Dunham v. The People, 49 Ill. 233; Cook v. The People, 51 Id. 143.

The precise question was before the Supreme Court of Alabama in Williams v. The State, 29 Ala. 9, under a statute identical with ours in respect to the *status* of the complaining witness. That court said: "A proceeding in bastardy can be commenced only before a justice. His jurisdiction to proceed depends upon the following facts: 1st, that a woman should make a complaint to him on oath accusing a particular person of being the father of a bastard child with which she is pregnant or of which she has been delivered; 2d, that the

woman making the complaint is a "*single woman.*" So in Smith v. The State, 4 Blackf. 188, under a like statute, the Supreme Court of Indiana held that it must appear that the relatrix was an unmarried woman.

And to the same effect is Cooper v. The State, 4 Blackf. 316. By a subsequent act the statute was enlarged so as to embrace the case of a married woman.

In commenting on this change, the court, in Cuppy v. The State, 24 Ind. 391, remark: " Whatever opinion may be entertained by this court upon the policy of the change, we can not by judicial construction avoid it. The legislature has clearly the power to authorize the proceeding upon the relation of ' any woman,' and having done so, we have only to sustain its action and enforce the law as it now exists."

In Kentucky the construction adopted is the same as in Alabama and Indiana, the statutes being alike: Sword v. Nester, 3 Dana, 453. So also in Ohio, Devinney v. The State, Wright Rep. 564, the court saying: " As none but an unmarried woman resident in this State can commence and carry on this prosecution, the fact of the prosecutor being unmarried should be set forth to show the jurisdiction or authority of the court to proceed: and we hold the omission fatal. See also, Haworth v. Gill, 30 Ohio St. 627.

We are aware that there are decisions in conflict with the cases above cited, but they seem to us not to be in consonance with the true rules of interpretation, based as they are upon the theory that as the object of the proceeding is to prevent illegitimate offspring from becoming a public charge, the statute should be extended so as to embrace the cases of complaints by married women. Such a consideration is appropriate when addressed to the legislative department, but can have little weight when a court is asked to stretch a statute to cover cases beyond its plainly defined limits.

Being of opinion that under the act in question a married woman is not authorized to institute bastardy proceedings, we think the court below should have dismissed the suit for want of jurisdiction. The judgment will therefore be reversed.

Judgment reversed.