NEFF *v.* THE STATE on the Relation of ANNA PATTERSON.

A complaint for bastardy is not bad for omitting to allege that the complainant is a resident of the county where the suit was commenced.

Where the state appeals from the judgment of the justice in a case of bastardy, no appeal-bond is necessary.

If the defendant appears upon the appeal, and submits to a trial by jury, he cannot afterward object that the appeal was improperly taken.

The judgment for the complainant in a case of bastardy, was in this form: It is considered, &c., that for the maintenance of the said bastard child, the said plaintiff recover against the defendant to and for the use prescribed by law, &c. *Held,* that the judgment was substantially good.

The judgment in a case of bastardy ordered the first instalment thereof to be paid at a future day, and in a subsequent clause execution was awarded "forthwith" to collect said instalment. The Supreme Court *held* that this last clause did not affect the rest of the judgment; but they reversed the judgment in that particular without costs.

Nov. Term,
1852.

NEFF
v.
THE STATE.

ERROR to the *Hendricks* Circuit Court.

STUART, J.—The complainant filed before a justice of the peace her affidavit, alleging that she was pregnant, &c., and that *Neff* was the father of the child. *Neff* was brought up on a warrant; and the justice, after hearing the evidence of *Anna,* which is all set out in the record, found *Neff* not guilty, and discharged him.

Tuesday,
February 1,
1853.

From this decision the state appealed to the Circuit Court. Motions to dismiss for want of a sufficient affidavit, and for want of an appeal-bond, were severally overruled; trial by jury on the general issue; verdict of guilty and judgment for the state for the use, &c.

*Neff* prosecutes his writ of error. He insists that because the affidavit does not show that the complaining witness was a resident of *Hendricks* county, his motion to dismiss should have been sustained. The authorities are against him. There are several decisions of this Court in point. 4 Blackf. 269.—5 id. 165. Besides, in the absence of any authority, as the affidavit is not made part of the record, we must presume that the ruling of the Court below was correct.

The second objection, namely, the want of an appeal-bond, is equally untenable. When the state appeals, in cases of this kind, no appeal-bond is necessary. The statute of 1843, in relation to appeals, does not materially differ from that of 1838. In the case of *Walker* v. *The State,* 6 Blackf. 1, the latter statute came under review in this Court. It was decided that the state could appeal. But the Court placed the decision as to an appeal-bond on the ground that neither the state nor the complainant would be liable for costs if the suit failed,

Nov. Term,
1852.

NEFF
v.
THE STATE.

and hence that a bond was useless. It is urged that there was really no appeal properly taken in this case. The Court below and the defendant himself treated it as an appeal; and we must take him at his word. After the defendant has appeared and reaped the benefit of a jury trial, it is too late to inquire by what avenue the case came to the Circuit Court.

The third objection is to the form of the judgment. It runs thus: "It is considered and adjudged and ordered that for the maintenance of the said bastard child the said plaintiff do recover against the defendant to and for the uses prescribed by law," &c. It would have been better had the form indicated in 2 Blackf. 230, been observed. And yet it might seem like descending to the small things of the law, to weigh the force of the expressions used in the one case and in the other. The judgment of the Court below, in this respect, is substantially good. It is equivalent to ordering the money to be paid to the party who "shall maintain the child or become entitled to the same by law."

There is, however, an inconsistency in the judgment. The first instalment of 83 dollars and 33 cents is ordered to be paid on the first of *May*, 1853. In a subsequent clause execution is awarded on this instalment "forthwith." This may be a clerical error, and intended to read "forthwith after said first instalment falls due." As it is, it cannot be sustained. But the reversal of this incongruous clause will not affect the judgment.

*Per Curiam.*—That part of the judgment awarding execution on the first instalment *instanter* is reversed, without costs. The residue is affirmed.

*C. C. Nave*, for the plaintiff.

*J. S. Harvey* and *J. M. Gregg*, for the state.