*H. Secrest* and *S. Turman,* for the appellee.

---

THE STATE, on the Relation of McArthur *v.* EVANS.

A prosecution for bastardy is a civil proceeding, and the defendant is a competent witness for himself, under the law of 1861, on the subject of witnesses.

APPEAL from the *Davies* Circuit Court.

DAVISON, J. — Prosecution for bastardy against *Evans.* The issues were submitted to a jury, who found for the defendant. Motion for a new trial denied, and judgment on the verdict.

Upon the trial *Evans,* the defendant, offered himself as a witness, and was, over the plaintiff's objection, allowed to testify in the cause. This ruling is assigned for error. The statute says: "Every free white person, of competent age,

shall be a competent witness in any civil cause or proceeding, and no person shall be disqualified as a witness by reason of interest in the event of that or any other suit, *or because such person is a party in said action or proceeding.*" Acts 1861, p. 52, sec. 2. The decision of the Court is said to be erroneous, on the ground that a suit for bastardy is not a " civil cause or proceeding," within the purview of the statute. We think otherwise. The " Act regulating Prosecutions in cases of Bastardy," provides, sec. 6, that, ' The trial of such prosecution, both before the Justice and in the Circuit Court, shall, in all respects not herein otherwise provided for, be governed by the law regulating civil suits." 2 R. S., p. 486. This seems to allow the inference of a legislative intent that a case of this kind should be held a civil proceeding. And, in addition, its commencement, prosecution, and final determination, as prescribed by the statute, sufficiently distinguish it as a civil suit; and being so, the defendant, in this instance, was a competent witness. Another assigned error is, that the verdict is unsustained by the evidence. There is nothing in that assignment. The evidence is upon the record. We have carefully examined it, and are of opinion that its weight accords with the finding of the jury.

*Per Curiam.*—The judgment is affirmed, with costs.

*James S. Pierce* and *R. A. Clement,* for the appellant.

*J. W. Burton,* for the appellee.