*J. N. Sims,* for the appellant.

*R. P. Davidson, J. E. McDonald,* and *A. L. Roache,* for the appellees.

---

RISK v. THE STATE, *ex rel.* Vestal.

The State may appeal in prosecutions for bastardy without filing a bond.

In such prosecutions it is error to permit the State to give in evidence the illegitimate infant for the purpose of enabling the jury to determine its paternity, by comparison of it with its alleged father.

APPEAL from the *Ripley* Common Pleas.

*Per Curiam.*—This was a prosecution for bastardy. The State appealed without filing a bond. We have compared

the Statutes of 1852, on the subject of bastardy, costs, relators, and appeals, with our previous statutes, under which it was held, the State might appeal in bastardy cases without a bond, and we discover no substantial difference between them. We think the appeal was well taken. See *Neff* v. *The State,* 3 Ind. 564.

On the trial, the State gave the bastard child in evidence, so that the jury might compare it with the defendant, who was present; this was done without objection, and the Court instructed the jury that if they discovered a resemblance between the child and the defendant, they might regard it as a circumstance tending to prove its paternity; tending to prove that the defendant was its father. We doubt the right to introduce the child in evidence. We have seen no authority on the point. It would be an uncertain rule of evidence. It would involve the necessity of giving the alleged father in evidence. A child changes often and much in looks, in the first three months of its existence. But, in this case, as the evidence went in without objection, the jury had a right to consider it.

The judgment is affirmed, with one per cent. damages and costs.

*H. W. Harrington* and *J. G. Burkshire,* for the appellant.