The State, *ex rel.* Work, *v.* Brown.

---

## THE STATE, EX REL. WORK, *v.* BROWN.

**APPEAL.**—*Bastardy.*—No appeal from the decision of a justice of the peace is provided for in the bastardy act.

**SAME.**—An entry by a justice of the peace in a bastardy prosecution, that the court "does now find the defendant not guilty," is not a judgment from which an appeal will lie.

**BASTARDY.**—*Civil Proceeding.*—A prosecution for bastardy is a civil proceeding, and trials therein are governed by the law regulating civil suits.

From the Cass Circuit Court.

*D. C. Justice* and *J. M. Justice*, for appellant.

*D. Turpie,* for appellee.

WORDEN, J.—This was a prosecution by the appellant against the appellee, for bastardy. The proceeding was instituted before a justice of the peace, where there was a trial had and a finding that the defendant was not guilty,

but no judgment was entered on the finding. The transcript of the justice states his action as follows:

"Tuesday, October 17th, 1871.

"Come now the court and the parties as of yesterday, and the court, after hearing the remainder of the argument of counsel, does now find the defendant not guilty.

"Appealed by the complainant to the next term of the circuit court without bond."

In the circuit court, the defendant filed the following written motion in the cause, viz.:

"The defendant moves the court to dismiss the appeal herein, because there is no statute authorizing such proceeding."

This motion was sustained, and the appellant excepted. The correctness of the ruling is questioned by the assignment of error.

No appeal is provided for in the bastardy act from the decisions of justices of the peace. 2 G. & H. 624. If an appeal lies at all in bastardy cases, it is by virtue of sec. 64 of the justices' act. 2 G. & H. 593. So much of that section as is material to be here considered is as follows:

"Any party may appeal from the judgment of any justice to the court of common pleas of the county, or the circuit court, within thirty days from the rendition thereof," etc.

We need not determine whether an appeal lies under this section from the judgment of a justice rendered in a bastardy proceeding. See, however, *Risk v. The State*, 19 Ind. 152, and *Neff v. The State*, 3 Ind. 564, and cases there cited. The statute above quoted allows appeals only from judgments. In the case before us, there was no judgment. There was a finding; but a finding is not a judgment any more than is the verdict of a jury. As well might an appeal be taken from a verdict, as from a finding without judgment. The case was not disposed of before the justice when the appeal was taken, judgment being necessary to a final disposition. These prosecutions are regarded as civil proceedings, and trials therein are governed by the law reg-

ulating civil suits. *The State* v. *Evans*, 19 Ind. 92. In civil actions, judgment is required to be rendered, in some cases, immediately, and in all others "judgment shall be entered and signed within four days after the trial." 2 G. & H. 592, sec. 58. New trials may be granted by justices at any time within four days after entering judgment. *Id.*, sec. 56. The actual entering of judgment is thus shown to be material.

The court below was quite right in holding that there was "no statute authorizing such a proceeding" as the appeal in question.

There is no error in the record.

The judgment below is affirmed.