Glenn *v.* The State, *ex rel.* Clore.

GLENN *v.* THE STATE, EX REL. CLORE.

BASTARDY.—*Appeal.*—The plaintiff may appeal from the judgment of a justice of the peace discharging the defendant in a bastardy suit.

SAME.—*Evidence.— Judgment.*—In a bastardy proceeding, the record of a judgment in an action of seduction by the relatrix against the defendant is not admissible to prove the fact of sexual intercourse.

CHANGE OF VENUE.— *Jurisdiction.*—Where a change of venue is taken from a judge of a court, and he sets the case down for trial before another judge, and the latter fails to appear, or, appearing, fails to finally dispose of the case, the action is not thereby discontinued, but continues by operation of law on the general docket of causes pending in such court, and the judge thereof may appoint another judge to try the cause.

WITNESS.—*Impeachment.*—Where a witness, on cross-examination, denies having testified differently in another action where the same matter was in controversy, he cannot be contradicted by the bill of exceptions in the former action, which purports to contain the evidence given by the witness therein, he not being a party to the action in which such bill of exceptions was filed.

From the Montgomery Common Pleas.

*J. E. McDonald, J. M. Butler, E. M. McDonald, S. C. Willson,* and *L. B. Willson,* for appellant.

*J. McCabe,* for appellee.

BUSKIRK, J.—This was a prosecution for bastardy commenced, on the relation of Margaret Clore, against the appellant, before a justice of the peace. The examination before the justice resulted in the discharge of the appellant, and an appeal was taken by the State to the common pleas, where the cause was tried in October, 1870, before Judge Test, then judge of the 12th judicial circuit, and a verdict was rendered for the plaintiff, as follows: "We, the jury, find that William Glenn is the father of the bastard child as charged in the complaint." The only complaint in the cause was the affidavit filed before the justice of the peace. In the common pleas court, the appellant moved to dismiss the case for the want of jurisdiction, but his motion was overruled, and he excepted. A change of venue was taken from the judge of such court, and the case was set down for trial before Judge GREGORY, then a member of this court. At the time set, Judge GREGORY appeared and took jurisdiction of the case, and continued it to a day named for trial, at which time he failed to appear, and the cause went back to the next regular term, at which time the judge of said court again set the cause down for trial, over the objection and exception of appellant, and appointed Judge Test to try it. On the day named, Judge Test appeared, and, over the objection and exception of appellant, took jurisdiction of the cause. The appellant then filed a demurrer to the jurisdiction of the court, which was overruled, and the appellant excepted. Thereupon the appellant filed an answer in two paragraphs:

1. The general denial.

2. The second was a plea in abatement, and set up the history of the case previously given, and claimed that the court possessed no jurisdiction of the case.

A demurrer was sustained to the second paragraph of the

Glenn *v.* The State, *ex rel.* Clore.

answer, and the appellant again excepted. The cause was then continued, on the application of the appellant, to the 2d day of August, 1870; at which time, on the application of the State, it was continued to the 13th of October, 1870, when it was tried with the result above stated. A motion for a new trial was filed, embracing for causes the ruling of the court on the question of the jurisdiction of the court, and the various rulings of the court upon the trial. The motion was overruled, and an exception taken. There was also an exception to the judgment rendered, and bills of exceptions were filed presenting the several questions.

Many questions were reserved in the court below, and various errors are assigned, but the questions argued by counsel for appellant and insisted upon as grounds for reversing the judgment are the following:

1. The want of jurisdiction in the court of common pleas to hear and determine the cause.

2. The want of jurisdiction of Judge Test to hear and determine the cause.

3. Error of the court on the trial, in admitting improper evidence on the trial.

4. Error of the court on the trial, in excluding competent evidence offered on the part of the appellant.

5. Erroneous instructions given by the court.

6. The refusal of the court to give proper instructions as asked by appellant.

7. The erroneous ruling of the court in requiring appellant to stand committed until the judgment was paid or replevied.

These questions will be considered in the order stated.

The objection urged to the jurisdiction of the court below is, that the justice of the peace having discharged the appellant, the State had no right to appeal from such order to the circuit or common pleas court.

In *Walker* v. *The State*, 6 Blackf. 1, this court held, that the State may appeal to the circuit court from the judgment of a justice of the peace in favor of the defendant in a case

Glenn *v.* The State, *ex rel.* Clore.

of bastardy. The ruling in the above cause was based upon the statute of 1838. The language of that statute on the subject is: "In all cases not otherwise specially provided for by this act, or some other statute of this State, it shall be lawful for any party to any judgment of any justice to appeal therefrom at any time," etc. R. S. 1838, p. 383.

In *Neff* v. *The State, ex rel. Patterson,* 3 Ind. 564, the ruling in the above case was adhered to and followed. The ruling in this case was made while the revision of 1843 was in force. This court said that the statute of 1843 did not materially differ from that of 1838. The statute of 1843 was as follows:

"Sec. 159. In all cases not otherwise specially provided for in this chapter, or some other law of this State, any party to the judgment of any justice of the peace may appeal therefrom to the circuit court of the county where such judgment was rendered, within thirty days after the rendition of such judgment; and from and after the time of taking such appeal, all further proceedings before the justice shall be stayed."

In *Risk* v. *The State, ex rel. Vestal,* 19 Ind. 152, this court held that the State might appeal from the judgment of a justice discharging a defendant in a prosecution for bastardy.

In the above case, this court said that they had compared the statute of 1852, under which the decision was made, with the previous statutes on the subject, and found that there was no material difference.

The statute of 1852 is as follows: "Any party may appeal from the judgment of any justice to the court of common pleas of the county, or the circuit court." 2 G. & H. 593, sec. 64.

It is contended by counsel for appellant that the statute of 1838 is broader than that of 1852. We think otherwise. In the statute of 1838, the right of appeal is given in all cases except where otherwise specially provided. This placed a limitation upon the right. The statute of 1852

contains no such restriction. The language is general and comprehensive. It says "any party" may appeal.

This court in *The State, ex rel. Work,* v. *Brown,* 44 Ind. 329, recognized the right of the State to appeal by holding, that there could be no appeal where. there was no judgment rendered by the justice discharging the defendant.

There does not seem to have been much controversy in the first three cases cited as to the right of the State to appeal, but. the question in each case seemed to be whether the appeal could be taken without bond, and it was held that no bond, had to be given.

This court, in *The State* v. *Evans,* 19 Ind. 92, held that a prosecution for bastardy is a civil proceeding, and this case was followed in *Byers* v. *The State, ex rel. Hutchison,* 20 Ind. 47, *Lower* v. *Wallick,* 25 Ind. 68, and *The State, ex rel. Billman,* v. *Hamilton,* 33 Ind. 502.

It having been so held from the organization of this court; under statutes substantially the same, we do not think the question should any longer be regarded as an open one.

In our opinion, the appeal was properly taken, and the court below had jurisdiction of the case.

Counsel for appellant contend that the common pleas. court possessed no power to set the case down for trial. before Judge Test. The argument is this: That when. the common pleas court granted the change of venue and set the case down for trial before Judge GREGORY, who appeared and assumed jurisdiction of the cause, such court exhausted its power and authority over the case, and that the failure of Judge GREGORY to appear at the time to which. he had continued the cause did not have the effect to transfer the cause back to the next regular term of the common pleas court, and that consequently such court possessed no power to set the case down before Judge Test for trial.

We have not been able to find any statute which provides. for such contingency, but the question has been expressly decided adversely to the position assumed by counsel for appellant, in the case of *Singleton* v. *Pidgeon,* 21 Ind. 118,

where the court uses this language: "In such cases, where the judge called in fails to appear at the time designated for the trial, or, appearing, fails to finally try the cause, the same is not discontinued, but passes to, and continues by operation of law upon, the general docket of causes pending in said court. A change of judge, in such case, does not work a change of court. The court continues the same. Public policy requires this rule.

We fully concur in the ruling in the above case. We think that Judge Test was properly appointed and possessed full power and authority to hear and determine such cause.

We proceed to inquire whether the court admitted, upon the trial, illegal and incompetent evidence.

It appears from the bill of exceptions, that the court, over the objection and exception of the appellant, permitted the appellee to read in evidence the record and judgment of the court of common pleas of said county of Montgomery, in the case of *Margaret Clore* v. *William Glenn*, the appellant, for seduction. After the record and judgment in such case was read in evidence, the court permitted the following questions to be asked of the complaining witness:

"What child, if any, was the result of the intercourse alleged and testified to in the record and proceedings already spoken of?"

To which question the witness answered, "The child I now hold in my arms."

"What child was it that was referred to in that record and testified to about upon the trial of said cause?"

To which the witness answered, "This is the child."

It will be more convenient to consider, in connection with the above evidence, the instruction of the court in reference thereto, and which was as follows:

"The court admitted the record in the case of seduction between the complainant and the present defendant, for the sole purpose of showing that the complainant and William Glenn had sexual intercourse with each other, and for no

other purpose.    This fact is already *res adjudicata* and cannot be disputed."

The record in the seduction case was admitted by the court, for the purpose of establishing the fact that sexual intercourse had taken place between the complaining witness and the defendant, William Glenn, and the court instructed the jury that such record conclusively established such fact, and that it was to be regarded by them as *res adjudicata*, and could not be disputed or inquired into.

It is contended by counsel for appellant that such record was inadmissible upon two grounds:

1. That the parties are not the same in the two cases.

2. The record was not mutually binding upon the parties, and could not have been admitted in the present case by the defendant, if the judgment had been in his favor in the seduction case.

The law as applicable to both these questions is clearly settled by this court in the case of *Maple* v. *Beach*, 43 Ind. 51, where DOWNEY, J., speaking for the whole court, says:

"A judgment is always evidence of the fact that such a judgment has been given, and of the legal consequences which result from that fact. 1 Starkie Ev. 317 ; 1 Greenl. Ev., sec. 538.   This is true whether the person against whom it is offered as evidence was a party to the action in which it was rendered or not.   But when the judgment is offered not merely as evidence of its own existence, but as proof of some fact or facts upon the supposed existence of which the judgment was founded, the rule is very different.   When the judgment is offered for this last named purpose, the general rule is, that it is not binding upon any one except the parties thereto, those who might legally have become parties, and those in privity with them.   1 Stark. Ev. 323, and 1 Greenl. Ev., sec. 252.

"Another principle which governs in the admissibility and effect of judgments as evidence is, that the binding force and effect of the judgment must be mutual.   Prof. Greenleaf, speaking of judgments as evidence, says : 'But to pre-

vent this rule from working injustice, it is held essential that its operation be mutual.' Vol. 1, sec. 524. Mr. Starkie says: 'It is a general rule, that a verdict shall not be used as evidence against a man where the opposite verdict would not have been evidence for him ; in other words, the benefit to be derived from the verdict must be mutual. This seems to be no more than a branch of the former rule, that to make the judgment conclusive evidence, the parties must be the same, for then the benefit and prejudice would be mutual and reciprocal. Where the parties are not the same, one who would not have been prejudiced by the verdict cannot afterward make use of it, for between him and a party to such verdict the matter is *res nova*, although his title turn upon the same point.' Vol. 1, p. 331."

The action of seduction was between Margaret Clore and William Glenn. The action was brought by the plaintiff to recover damages for her own seduction. The action being brought in her own right, the recovery would belong absolutely to her. The present action is brought in the name of the State, on the relation of Margaret Clore, against William Glenn, who was defendant in both actions. The amount recovered in an action of bastardy has, by the express requirement of the statute, to be expended, under the order of the court, for the maintenance and education of the child. The judgment is rendered in the name of the State, but the court must, in its order, direct to whom the annual payments shall be made. If the mother is a proper person, the money must be paid to her, but if she is dead or an improper person to receive the same, the court is required to appoint some other person to expend the money in the support, maintenance, and education of the child. 2 G. & H. 628, sec. 15. If the child should die after judgment, but before the expiration of the time limited for the last payment, the court may make such reduction in the amount of the judgment as may be rendered proper and just in consequence of such death. 2 G. & H. 629, sec. 19. The action is not brought in the name of the mother, nor does the judgment recovered

belong to her.    It is true that she has such an interest in the
result of the action as to affect the weight which should be
given to her evidence.    We have recently so held in *Keating*
v. *The State, ex rel. Homan,* 44 Ind. 449, and overruled the
case of *Dailey* v. *The State,* 28 Ind. 285, on that point, which
held the other way.

The father of an illegitimate child is not legally bound,
except in the manner provided in our bastardy act, to sup-
port it.    The burden and responsibility of supporting and
educating a bastard child rests upon the mother.  The amount
adjudged against the father, under our statute, is appropri-
ated to the maintenance and education of the child and to
that extent relieves the mother, and thus gives her such an
interest in the result of the action as to make it proper for
a court or jury to take such interest into consideration in
determining the weight which should be given to her testi-
mony, but this does not make her a party to the action, so
as to render competent the judgment in the former action.
See sec. 1499, p. 1444, Taylor Ev.; *Case* v. *Reeve,* 14
Johns. 79; 2 Phillipps Ev. 7.

Having reached the conclusion that the parties in the two
actions are not the same, the question of mutuality does not
arise in the record, and we decide nothing in reference
thereto.

It is insisted by counsel for appellant that the court erred
in refusing to give the ninth, tenth, eleventh, twelfth, and
thirteenth instructions asked by appellant.    The ninth
related to an *alibi,* and the tenth to the record in the seduc-
tion case.    We think these instructions should have been
given.

In our opinion, the eleventh, twelfth, and thirteenth instruc-
tions asked and refused were fully embraced by the instruc-
tions given, and that the court committed no error in refus-
ing them.

Dr. Armstrong T. Steel testified on behalf of the appel-
lant, that he attended upon the complaining witness at and
subsequent to her confinement; that after the birth of the

child she informed him that another person than the appellant was the father of the child. For the purpose of impeaching him, a large number of questions were asked him as to statements made by him to other persons, and upon his denying having made such statements, such persons were called to testify to what he had said in such conversations. A portion of the questions asked of this witness related to a conversation which he had with one of the counsel for appellee. As to such questions, it claimed that they related to immaterial and irrelevant matters, and that the appellee was bound by the answers given, and could not call the person with whom the conversation had taken place to testify to what had been said. The most of the questions related to what the doctor had said as to the state of mind of the complaining witness at the time she had stated who the father of her child was. The purpose of the questions was to show that Dr. Steel had said that when such statement was made she was wild and crazy from the use of morphine, and did not know what she was saying. We think the subject of inquiry was neither immaterial nor irrelevant, but was pertinent and material.

We think the court committed no error in admitting such evidence.

For the purpose of impeachment, counsel for appellant asked Perry Gailand, a witness called by the appellee, if he had not made certain statements on the trial of the seduction case in conflict with his testimony given on this trial, and upon his denying that he had made the statement imputed to him, at the proper time the appellant offered the record of the evidence of said Gailand, embraced in the bill of exceptions filed in the seduction case, to contradict and impeach him, but the appellee objected to the admission of such evidence, and the objection was sustained, and the evidence was excluded.

We think there was no error in the ruling of the court.

The appellant might have proved the substance of the testimony of the witness on the former trial, by any person

who had heard him testify, but the bill of exceptions embody--
ing the evidence upon such trial was not admissible for that
purpose.   The witness was not a party to that action and
was not bound by what was contained in the bill of excep-
tions.   Such   a   practice   might   lead   to   very   dangerous.
results.

The judgment is reversed, with costs; and the cause is.
remanded, for a new trial in accordance with this opinion.

Petition for a rehearing overruled.