ASKREN *v.* THE STATE, EX REL. FOX.

APPEAL.—*Justice of the Peace.*—*Bastardy.*—Where a justice of the peace, in a bastardy proceeding, enters a judgment of not guilty, an appeal will lie from such judgment, although there be no finding.

SUPREME COURT.—*Evidence.*—The Supreme Court will not reverse a judgment upon the weight of evidence consisting of conflicting testimony.

From the Marion Civil Circuit Court.

*J. Hanna* and *F. Knefler,* for appellant.

*Gordon, Browne & Lamb* and *J. P. Roberts,* for appellee.

PETTIT, J.—This was a prosecution or suit for bastardy, by the appellee against the appellant, before a justice of the

peace, who, after hearing the case, rendered this judgment:
" It is adjudged by me that the defendant is not guilty of
the charge, as set out in the affidavit of the plaintiff. The
defendant, Frank Askren, was therefore discharged by me
from custody."

The first question raised in the case is, that this is not a
valid judgment, because there is no finding of not guilty pre-
ceding the judgment, and therefore an appeal cannot be sus-
tained. We hold otherwise. There was a judgment of not
guilty, and from that judgment an appeal may be taken.
*The State, ex rel. Work,* v. *Brown,* 44 Ind. 329, and authori-
ties cited; *Glenn* v. *The State, ex rel. Clore,* 46 Ind. 368;
*Griffith* v. *The State,* 36 Ind. 406.

The counsel of the appellant ask us to review and over-
rule the numerous decisions of this court as to whether an
appeal lies in a bastardy case, as the statute on that subject
does not provide for an appeal. This we refuse to do, hold-
ing, as we do, that the cases above cited fully warrant an
appeal in such a case.

The only remaining question is as to the evidence. We
have carefully read and considered it. If the evidence of
the mother of the bastard child is true, then the appellant is
the father of it. If the evidence of the appellant and other
witnesses is true, then the appellant is not the father of the
child.

The court and jury below not only heard the witnesses,
but saw them in court, and met them face to face, and were,
therefore, able to judge of their honesty, honor and charac-
ter better than we are, who can only see the evidence as
written in the record.

We cannot, under many rulings of this court, reverse the
judgment, though the appellant may have been wronged by
false swearing.

The judgment is affirmed, at the costs of the appellant.