Galvin v. The State, ex rel. Crouch.

GALVIN v. THE STATE, EX REL. CROUCH.

56    51
145     4
145   183

BASTARDY.—*Appeal by the State from Judgment by Justice of the Peace.*—An appeal by the State lies to the circuit court, from a judgment rendered by a justice of the peace in favor of the defendant in a prosecution for bastardy.

SAME.—*Continuance.*—Where in such cause, upon appeal by the State to the circuit court, the transcript has not been filed in such court, by such justice, ten days prior to the commencement of the term, neither party can be forced into trial, at such term, and an order continuing such prosecution until the next term, even though objected to by the defendant, is proper.

SUPREME COURT.—*Continuance.*—The Supreme Court, on appeal, will not review the action of the lower court in granting a continuance of a cause unless it appear from the record that the party complaining of such action has been injured thereby.

SAME.—*New Trial.—Evidence.—Practice.*—Questions arising upon the admission or exclusion of evidence offered on the trial of a cause are proper assignments as reasons for a new trial, but can not, for the first time, be assigned as error on appeal to the Supreme Court.

SAME.—*Short-Hand Reporter.—Record.—Bill of Exceptions.*—The long-hand manuscript of the evidence given upon the trial of a cause, as reported by a short-hand reporter under the provisions of the act in relation to such reporting, approved March 7th, 1873, (1 R. S. 1876, p. 769) can be certified to the Supreme Court, on appeal, as part of the record, only upon being incorporated in a bill of exceptions.

From the Boone Circuit Court.

*J. B. McCabe, S. Claypool, C. S. Wesner* and *C. C. Galvin,* for appellant.

HOWK, J.—This was a prosecution for bastardy, by the relatrix of the appellee, against the appellant, as defendant. The prosecution was commenced before a justice of the peace of Boone county, Indiana, and from the justice's decision and judgment, which was in favor of the appellant, "the plaintiff prayed an appeal" to the court below, which appeal was granted.

In the court below, the appellant moved the court to dismiss the appeal, which motion was overruled, and the appellant excepted. The cause was then tried by a jury, in the court below, and a verdict was returned, to the ef-

fect that the appellant was the father of the bastard child of the relatrix, as alleged in the complaint.

Upon written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and the appellant excepted. And judgment was rendered upon the verdict, and the court below ordered, that the appellant pay to the relatrix of the appellee, for the maintenance of said bastard child, a certain sum of money, in certain instalments. From this judgment of the court below, this appeal is now here prosecuted.

In this court, the appellant has assigned the following alleged errors:

1st. The court below erred, in excluding competent evidence, offered by the appellant;

2d. The court below erred, in admitting incompetent and irrelevant evidence, on behalf of the appellee;

3d. The court below erred, in refusing to require the appellee's relatrix to answer certain proper and material questions, propounded to her by the appellant on the trial;

4th. The court below erred, in overruling appellant's motion to dismiss the appeal of this cause from the justice;

5th. The court below erred, in continuing this cause, over the appellant's objections; and,

6th. The court below erred, in overruling the appellant's motion for a new trial.

We will consider and decide the questions presented by these alleged errors, in their order. And, in so doing, the first three of these alleged errors may well be considered together. The matters stated in these three errors, if they had been properly assigned as causes for a new trial, in terms sufficiently certain and specific, in appellant's motion for such new trial, addressed to the court below, would have presented questions for our consideration, which might very possibly have resulted in the reversal of the judgment. These matters, if they existed and were wrong, were errors of law occurring at the trial; and such errors, if excepted to, constitute the eighth stat-

utory cause for a new trial. 2 R. S. 1876, p. 182. But the appellant failed to assign these matters, or any of them, as causes for a new trial, in his motion therefor, in the court below; and having so failed to assign them, in the lower court, the assignment of these matters, or any of them, as alleged errors, in this court, in the first instance, is not available to the appellant for any purpose, and presents no question whatever for our consideration. This has long been the practice of this court, and is so well established by repeated decisions, that it needs no citation of authorities to support it.

The fourth alleged error is, that the court below erred, in overruling appellant's motion to dismiss the appeal of this cause from the justice. It is doubtful if the record of this cause fairly presents this alleged error, as the appellant's motion to dismiss, the decision thereon, and the exception thereto, were not made part of the record by bill of exceptions. But assuming, in this case, that the question is properly presented, we can not hold that the court below erred, in refusing to dismiss the appeal of this cause from the justice of the peace. Appellant's motion to dismiss the appeal does not state any reason for such dismissal; but we do not doubt that the assumed reason was, that, in a prosecution for bastardy, an appeal would not lie from the judgment of a justice to the circuit court of his county. It is true, that our statute regulating prosecutions for bastardy does not contain any express provision for an appeal by the State from the judgment of a justice in favor of the defendant. But it has been held by this court, that a prosecution in bastardy is a civil proceeding. *The State, ex rel., etc.,* v. *Evans,* 19 Ind. 92. In the third section of the bastardy act, it is provided, that in such prosecutions " the rules of evidence shall be the same as in civil cases." 2 R. S. 1876, p. 655. And the sixth section of said act provides, that the trial of such prosecutions, both before the justice and in the circuit court, shall in all respects, not otherwise provided for

in said act, "be governed by the law regulating civil suits." 2 R. S. 1876, p. 657. Evidently, we think, the Legislature intended that a prosecution for bastardy, except as otherwise provided for in the bastardy act, should be regarded as a civil action. In the 64th section of the act defining the powers and duties of justices, in civil cases, it is provided, that "Any party may appeal from the judgment of any justice to the court of common pleas of the county, or the circuit court," etc. 2 R. S. 1876, p. 621. In *Risk* v. *The State, ex rel., etc.,* 19 Ind. 152, and in *Neff* v. *The State, ex rel., etc.,* 3 Ind. 564, it was held by this court, that, in prosecutions for bastardy, the State might appeal from the judgment of the justice to the circuit court, without filing an appeal bond. It does not appear, that the mere right of appeal by the State was questioned in either of the cases cited; but in both cases the point presented and decided was, that, in such appeal by the State, an appeal bond was not necessary. In the case of *The State, ex rel., etc.,* v. *Brown,* 44 Ind. 329, which was a prosecution for bastardy, the only point decided was, that the State could not appeal from the mere finding of a justice, in a bastardy suit, when it appeared that the justice had not rendered a judgment upon his finding. This decision is not applicable to the case at bar, for in this case, the record shows that the justice had rendered a judgment upon his finding, from which judgment the State appealed to the court below.

In our opinion, under the law of this State, the State may appeal from an adverse judgment of a justice, in a prosecution for bastardy, to the circuit court of the county; and, therefore, no error was committed by the court below, in overruling appellant's motion to dismiss the appeal in this cause.

The court below erred, in continuing this cause over the appellant's objection, is the fifth alleged error assigned by the appellant. The continuance of causes in the lower courts must be left, of necessity, very largely to the dis-

cretion of the court. And in any case, it would have to appear very clearly, in some way, as a proper part of the record, that the rights of a party were seriously affected by the continuance, before this court would disturb the judgment of a lower court, upon a mere order of continuance. In this cause, the record wholly fails to show, that the appellant was injured, in any way, by the continuance of this cause. Besides, the record does show, that the transcript and other papers in the cause, on the appeal from the justice, had not been filed in the court below ten days before the first day of the term at which the countinuance was granted. In such a case, the cause may well be continued by the court, until its next term, by mere operation of law; and certainly, in such a case, neither party can, under our present practice, force a trial of the cause, at the first term. In our opinion, the court below committed no error, in the continuance of this cause.

The sixth and last alleged error, assigned by appellant, is the decision of the court below, in overruling his motion for a new trial. The only causes for a new trial, assigned in appellant's motion therefor, were, that the verdict was not sustained by sufficient evidence, and that it was contrary to law.

It appears from the record of this cause, that, after the jury had been duly sworn to try the cause, "Joseph W. Breckenridge, short-hand reporter, is now duly sworn to report the evidence in this cause." The clerk of the court below has inserted, in the transcript of the record in this case, a manuscript certified by said Breckenridge to be a *verbatim* report of all the evidence given in said cause. We suppose, that this short-hand reporter was employed by the parties, or one of them, "to make a *verbatim* report of the evidence" in this cause, although the record fails to show, that the parties, or either of them, employed said reporter to make such report. This proceeding seems to have been had under the terms of

"An act concerning the employment of short-hand reporters, regulating their duties, and providing that the original long-hand manuscript report of evidence may be used on appeal in certain cases," approved March 7th, 1873. 1 R. S. 1876, p. 769.

In the first section of this act, it is provided, among other things, that, on appeal to this court, the clerk of the court below may certify the original long-hand manuscript of evidence, " when the same shall have been incorporated in a bill of exceptions," to this court, instead of a transcript of such evidence. In the case at bar, the clerk of the court below has certified to this court what purports to be the original long-hand manuscript of the evidence, on the trial of this cause; and this manuscript, although not signed nor authenticated, in any manner, by the judge of the court below, is endorsed, " General bill of exceptions." A proper inquiry, therefore, is presented, what is a bill of exceptions? In 1 Burrill Law Dict., p. 205, a bill of exceptions is thus defined; "A formal statement in writing, of exceptions taken to the opinion, decision or direction of a judge, delivered during the trial of a cause; setting forth the proceedings on the trial, the opinion or decision given, and the exception taken thereto; and sealed by the judge in testimony of its correctness." This definition is in strict harmony with the provisions of the 346th section of our code of practice, which, as we construe it, makes the signature of the judge an indispensable part of a bill of exceptions. The long-hand manuscript of the evidence, taken by a short-hand reporter, can only be certified to this court, as a part of the record, under the statute, " when the same shall have been incorporated in a bill of exceptions." The manuscript of the evidence, in this case, was not incorporated in a bill of exceptions, and therefore it forms no part of the record of this cause. And, the evidence not being properly in the record, of course no question is presented for our consideration by the sixth alleged error.

We find no available error in the record of this cause.

The judgment of the court below is affirmed, at the costs of the appellant.