### SAINT *v.* THE STATE, EX REL. HOSIER.

BASTARDY.—*Civil Action.—Parties.—Change of Venue.—New Trial.*—A prosecution for bastardy is a civil action, in which the State, as a party, may take a change of venue, or obtain a new trial, on a proper showing.

SAME.—*Evidence.—Instruction.—Rumor of Improper Intimacy.—Reputation. —Cross-Examination.*—Evidence of a rumor that the defendant had been improperly intimate with the relatrix is incompetent, even on cross-examination of a witness who has testified to the defendant's good character; and it was error to refuse to instruct the jury to disregard such evidence.

From the Henry Circuit Court.

*E. Saint, D. W. Chambers, M. E. Forkner, E. H. Bundy, J. Brown* and *J. M. Brown,* for appellant.

*W. Grose,* for appellee.

SCOTT, J.—Prosecution for bastardy.

Trial by jury; verdict for defendant; new trial granted the State, and exception. The State asked for a change of venue from the county. Change of venue granted, and exception by the defendant. The change of venue was not perfected. Trial again by jury and verdict for plaintiff. Motion for new trial overruled, and exception. Judgment against the defendant for six hundred dollars.

A prosecution for bastardy is a civil proceeding. *The State, ex rel.,* v. *Evans,* 19 Ind. 92. New trials may be granted in a civil proceeding where the State is plaintiff, and this court will not reverse a judgment for this cause unless there has been a plain abuse of judicial discretion. *Leppar* v.

*Enderton*, 9 Ind. 353 ; *Collingwood* v. *The Indianapolis, etc.; R. W. Co.*, 54 Ind. 15 ; *The State, ex rel.*, v. *Brown*, 44 Ind. 329. It was not error to grant a change of venue on the application of the State.

On the trial the defendant called Thomas Reagan as a witness, who testified as follows :

" I am acquainted with the general moral character of William Saint in the neighborhood where he resides ; except in this case, it is good." On cross-examination he said : " I refer to the talk in this case." The plaintiff then asked him this question :

" Has not rumor connected him with this woman in improper intimacy for five years past ? "

To this question the defendant objected, and stated his objections, but over the objection of the defendant the court permitted the witness to answer the question, and he did answer as follows :    " Rumor has connected him with this woman for four or five years. "

The defendant excepted to the ruling of the court, and on re-examination he testified as follows :

" I heard it rumored that he was too intimate with this woman two or three years before this suit was brought "

The defendant asked the court to instruct the jury as follows :

" In determining the question in this case, whether William Saint, the defendant, is the father of the child, the jury should not regard or consider what public rumor was before the time of the begetting the child, concerning the intimacy of the defendant, or any other person, with the relatrix, but should look solely to, and be governed by, the testimony as to the fact of the begetting the child." This instruction was refused, and the defendant excepted.

The evidence was improperly admitted. The fact.

sought to be proven was the intimacy of the defendant with the relatrix. That was a particular fact, not of a public, but of a private nature, which can not be proved by common reputation. 1 Greenl. Ev., sec. 138. Much less can it be proved by Rumor, that intangible and invisible bird of evil omen, that neither flies nor lights, but hovers.

The instruction asked was correct, and should have been given. Query? Whether the instruction, if it had been given, would have cured the error in admitting improper evidence to go to the jury.

The judgment is reversed, and the cause is remanded for a new trial.