Burt v. State, ex rel. Cook.

---

No. 8399.

## BURT v. STATE, EX REL. COOK.

BASTARDY.—*Lost Papers.*— *Complaint.*— *Warrant.*—*Justice of the Peace.*—*Limitations.*—In a prosecution for bastardy before a justice, lost papers may be supplied as in civil cases in other courts, R. S. 1881, sections 379, 1456; and, if the papers lost be the complaint and the warrant before service thereof, the prosecution will be deemed as begun with the originals.

Burt v. State, ex rel. Cook..

SAME.— *Witness.*—The defendant in a prosecution for bastardy may be com--pelled to testify for the prosecution.

From the Henry Circuit Court.

*M. E. Forkner* and *J. Brown,* for appellant.

BICKNELL, C. C.—This was a prosecution for bastardy. The child was born June 25th, 1876. On December 13th, 1877, a complaint was filed and a warrant was issued, which was never returned; complaint and warrant were both lost; the defendant could not be found; he left the county on March 31st, 1877, and went to Kansas February 27th, 1878, and was absent from this State more than a year. On May 31st, 1879, a substituted complaint was filed and a substituted warrant was issued, on which the defendant was arrested. He moved before the justice to quash the warrant. The motion was overruled. He was tried before the justice, found guilty, and recognized. In the circuit court the defendant renewed his motion to quash the writ. The motion was overruled. He filed an answer in four paragraphs, to wit:

1st. A denial.

2d. That the cause of action accrued more than two years before the commencement of the suit.

3d. That the child was born more than two years before the commencement of the suit.

4th. A special answer, stating the facts aforesaid, as to the two complaints and warrants, and that the child was born more than two years before the filing of the second complaint.

The issues were tried by a jury, who found for the plaintiff. The defendant's motion for a new trial was overruled; judgment was rendered upon the verdict, and the defendant appealed.

The reasons for a new trial were:

1st. That the verdict was not sustained by the evidence.

2d. That the verdict was contrary to law.

3d. Error of law at the trial, to wit: a.—In refusing to give to the jury charges one, two and three, asked for by de-

fendant. b.—In giving to the jury the charge of the court No. 2. c.—In overruling defendant's motion to quash the warrant. d.—In compelling the defendant to testify as to the time he was absent from the State after the child was begotten.

Errors are assigned by the appellant as follows:

1st. Overruling the motion for a new trial.

2d. Overruling the motion to quash the writ.

A prosecution in bastardy is regulated by statute, and the mode of proceeding prescribed by the statute must be pursued. *Reeves* v. *The State, ex rel.,* 37 Ind. 441, 443. But the prosecution is a civil proceeding, and, where the statute makes no provision, is governed by the law regulating civil suits. *The State, ex rel.,* v. *Brown,* 44 Ind. 329 ; *Hawley* v. *The State, ex rel.,* 69 Ind. 98. The statute provides that, upon the arrest of the defendant, or the return of the warrant, that he can not be found, the justice of the peace shall proceed to hear and determine the complaint. 2 R. S. 1876, p. 654, section 2.

In the present case, the amended transcript shows that the warrant never was returned to the justice, and both warrant and complaint were lost; for such an emergency there is no provision in the bastardy act; it must be governed, therefore, by the general rules as to lost pleadings and writs in civil cases. The code, section 93, provides that, if an original pleading or paper be lost or withheld by any person, the court may authorize a copy thereof to be filed and used instead of the original. 2 R. S. 1876, p. 80.

The justice had a right to substitute for the lost complaint a copy thereof, and to substitute for the lost warrant a copy thereof, and the lost warrant not having been served, nor returned, the substitute was the same in the hands of the officer, as the original, and might be executed the same as the original.

The appellant claims that the substituted complaint and warrant made a new suit, and that the old suit was discontinued because the justice failed to proceed therein. But he could not proceed otherwise than he did; he had neither complaint nor warrant; he could not try the case in the defend-

ant's absence until the warrant was served or returned not found; complaint and warrant being both lost, all he could do was to provide substitutes for the lost papers, under section 93 of the practice act.

Proceedings before justices in civil cases, except as otherwise specially provided, shall be governed by the practice and usages of circuit courts, and the rules of the common law so far as the same are in force in this State. Justices' act, section 75, 2 R. S. 1876, p. 630.

A bastardy suit is not ended by the loss of the complaint, nor by the loss or non-return of the warrant, nor by the failure of the justice to docket the case before the return of the warrant. In criminal cases, a justice is not required to docket the case before the warrant is returned. 2 R. S. 1876, p. 670, section 5. The mistake of the justice in following that section in a bastardy case, and waiting for the return of the warrant, and not docketing the case until the filing of the substituted complaint, ought not to oust his jurisdiction. The amended transcript of the justice shows that the original warrant was never returned; the affidavit, on which the motion was made to quash the substituted warrant, shows that the original warrant was lost.

There was no error in substituting the complaint and warrant, and such substitution was not the commencement of a new suit, but merely a continuation of the already existing suit. The court did not err in overruling the appellant's motion to quash the substituted warrant.

It follows that instructions numbered one, two and three, asked for by appellant, were rightly refused.

These instructions asserted substantially that the suit was not commenced until the issuing of the substituted warrant, and that therefore more than two years had elapsed after the birth of the child before the suit was brought, and that the suit was barred by the statute of limitations. Bastardy act, section 18, 2 R. S. 1876, p. 661.

It follows, also, that there was no error in the instruction

numbered two, given by the court, to wit, that the defence of the statute of limitations was not made out.

And there was no error in compelling the appellant to testify; this being a civil proceeding he would have been a competent witness, even in his own behalf. *The State, ex rel.,* v. *Evans,* 19 Ind. 92.

The evidence fully sustained the verdict and was not contrary to law. *Miller* v. *The State, ex rel.,* 71 Ind. 601. There was no error in overruling the motion for a new trial. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.