Filed May 4, 1884.

---

No. 11,515.

POWELL v. THE STATE, EX REL. SALYERS.

BASTARDY.—*Civil Action.—Appeal to Supreme Court.*—A prosecution in bastardy is a civil action, and is governed by the provisions of the civil code in all respects not provided for in the act regulåting such prosecutions; and, therefore, an appeal may be taken to the Supreme Court from the judgment of the circuit court in a prosecution in bastardy, in either of the modes provided for taking such an appeal in a civil action, and the fact that an appeal was prayed for, in one of these modes, is no ground for the dismissal of an appeal actually taken in one of the other modes.

SAME.—*Continuance.—Error.*—It is error to refuse the defendant a continuance, in a prosecution for bastardy, upon a sufficient application therefor, on the ground of absent witnesses.

From the Marion Circuit Court.

*Z. K. McCormack, B. F. Davis* and *S. A. Forkner,* for appellant.

*W. T. Brown,* Prosecuting Attorney, *D. K. Partlow* and *R. Denny,* for appellee.

HOWK, C. J.—This was a prosecution by the appellee's relatrix against the appellant, upon the charge that he was the father of her unborn child, which, if born alive, would be a bastard. Upon the trial of the cause by a jury, in the circuit court, a verdict was returned " that the relatrix, Hannah A. Salyers, is pregnant with a bastard child, and that the defendant, George Powell, is the father of such bastard child." Over the appellant's motion for a new trial, the court assessed the amount to be paid by him for the maintenance

and education of the child of the relatrix, and provided in what instalments and when the amount should be paid; and judgment was rendered accordingly.

Error is assigned here by the appellant upon the overruling of his motion for a new trial. The appellee's relatrix, appearing specially, has moved this court in writing to dismiss this appeal upon the ground that the appellant, at the time of the rendition of the judgment, had prayed the trial court for an appeal to this court, which was granted upon his filing an appeal bond, in a certain penalty and with good freehold surety, and that he had filed no such appeal bond at, before or since the time of taking this appeal. This motion must be overruled. It is true, that the act of May 6th, 1853, regulating prosecutions in bastardy, does not in terms, nor does any of its amendments, make any provision for an appeal from the judgment of the circuit court in such a prosecution to the Supreme Court. Sections 978 to 999, R. S. 1881. In section 983, R. S. 1881, it is provided that "The trial and continuance thereof of such prosecution, both before the justice and in the circuit court, shall, in all respects not herein otherwise provided for, be governed by the law regulating civil suits." We have repeatedly decided that a prosecution for bastardy is a civil suit or proceeding, and is governed by the provisions of the civil code in all respects not provided for in the act regulating prosecutions in cases of bastardy. *State, ex rel.*, v. *Brown,* 44 Ind. 329; *Galvin* v. *State, ex rel.,* 56 Ind. 51; *Burt* v. *State, ex rel.,* 79 Ind. 359.

Under the civil code a party to a final judgment of the circuit court may appeal therefrom to this court, in either one of three different modes, within one year after the rendition thereof. The fact that the appellant, in the case in hand, first prayed an appeal in term time of the trial court, which was granted, would not preclude him from afterwards taking his appeal in either of the two modes provided in section 640, R. S. 1881, and certainly affords no sufficient ground for the dismissal of his appeal, thus taken.

The overruling of appellant's motion for a continuance of the case was assigned as cause for a new trial in his motion therefor, and is the first ruling complained of as erroneous in the brief of his counsel.   The relatrix filed her complaint against the appellant in this case, before the justice of the peace, on the 10th day of January, 1884; and on the same day he was arrested on such charge, and the relatrix was examined, under oath, and her sworn statements were reduced to writing by and before such justice.   The cause was called for trial in the circuit court on the 12th day of February, 1884, when the appellant, upon affidavit filed, moved the court for a continuance of the cause.   The motion was overruled by the court and the trial of the cause at once proceeded, resulting, as already stated, in a verdict and judgment against the appellant.   Did the trial court err in overruling appellant's motion for a continuance?   This is the important, and, as we think, controlling question in this case.

The application for the continuance was made on account of absent witnesses under the provisions of section 410, R. S. 1881.   When the application is made on this ground the affidavit must show (1) the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time; (2) that the absence of the witness has not been procured by the act or connivance of the party, nor by others at his request, nor with his knowledge and consent; (3) what facts the party believes the witness will testify to, that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured; and (4) the affidavit must further show the materiality of the evidence expected to be obtained from the witness, and that due diligence had been used to obtain the attendance of the witness, or that the exercise of such diligence would have been unavailing to obtain either the attendance of the witness or his evidence at the trial.

We are of opinion that in each one of the particulars spec-

ified the affidavit filed by the appellant was sufficient, and that it was error in the court to overrule his motion for a continuance of the cause. No good purpose would be subserved by our setting out, in this opinion, the substance even of the facts which the appellant claimed he could prove by his absent witnesses named in his affidavit. It will suffice to say that these facts were material, and if produced and believed by the jury the verdict would probably have been in favor of the appellant.

Other rulings of the trial court are complained of as erroneous by the appellant; but as these are not likely to occur again on a new trial of the cause, we need not and do not consider them. The verdict and judgment rest upon the unsupported testimony of the relatrix, which, as it appears in the record, is very far from being satisfactory or convincing, and it is abundantly contradicted by the evidence of appellant's witnesses.

For the error of the court in refusing the appellant a continuance we think that the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed with costs, and the cause remanded with instructions to sustain the motion for a new trial.

Filed March 28, 1884. Petition for a rehearing overruled June 6, 1884.