ALEXANDER ALTSCHULER, PLAINTIFF IN ERROR, V. LENA ALGAZA, DEFENDANT IN ERROR.

1. **Bastardy:** JURISDICTION HOW ACQUIRED. In a proceeding under the bastardy act the district court acquires jurisdiction by the filing of the transcript of the proceedings before the justice, based on a proper complaint, arrest of the accused, and order requiring him to appear before the district court for trial. The evidence of the complainant, on the preliminary examination, reduced to writing by the justice and transmitted to the district court, is for the purpose of confirming or impeaching her testimony in the latter court ; and errors occurring in the exclusion of testimony on such examination do not affect the jurisdiction.

2. **Evidence** examined, and held to sustain the verdict.

3. **Bastardy:** EVIDENCE : INSTRUCTIONS TO JURY. Where a complainant testifies that the defendant had sexual intercourse with her at a certain time, and is the father of her bastard child, and two witnesses swear that they had connection with her about the same time, it is not error for the court to refuse to give an instruction that if they believe the last witnesses they should find for the defendant.

4. ———: ———: Where doubt is raised as to the paternity of a bastard child by reason of the complainant's connection with other men about the time it was begotten, other facts may be shown sufficient to satisfy the jury that the accused is the father.

5. ———. The proceeding under the bastardy act is essentially a civil one, and a preponderance of evidence is sufficient.

ERROR to the district court for Platte county. Tried below before POST, J.

*Bowman & Walker* and *J. L. Brown,* for plaintiff in error.

*John G. Higgins* and *John J. Sullivan,* for defendant in error.

MAXWELL, J.

The jury in this case returned a verdict that the plain-

tiff in error was the putative father of a bastard child, and the court thereupon rendered judgment that he pay $120 per year in quarterly installments for ten years for the support of said child, and that he give security for the performance of the judgment. The errors relied upon in the plaintiff's brief will be considered in their order.

On January 25th, 1884, the defendant herein filed a complaint in writing, and under oath before John Rickly, one of the justices of the peace of Platte county, charging that she had been delivered of a bastard child on the 22d of that month, and that the plaintiff in error was the father of said child. A warrant was thereupon issued by said justice, by virtue of which the defendant, plaintiff in error, was arrested and brought before the magistrate, and the defendant being present, the complainant was examined in regard to the charge made in the complaint, and her answers were reduced to writing. On cross-examination the attorney for the accused asked the complainant a number of questions to which objections were made and sustained. These rulings of the justice are now assigned for error.

It is proper on cross-examination to ask the complainant any question in relation to any fact drawn out on the direct examination. The charge is a serious one, which may involve the reputation, financial ability, and liberty of the accused. The object of the examination is to ascertain whether there is probable cause to believe that the accused is the father of the child. When the fact is proved, if the accused do not pay the complainant such sum as may be agreed upon, and enter into a bond to the county to save it free from all charges for the maintenance of the child, the justice has a plain duty to perform, viz., to require the accused to enter into bonds for his appearance before the district court, and if he refuse or neglect to comply with the order commit him to jail to answer the complaint in the district court. The trial is had in the district court, the justice being a

mere examining magistrate. He acquires jurisdiction by the filing of the complaint duly sworn to and the arrest of the defendant. If an error is made in the examination it does not affect the jurisdiction of the justice. The evidence given by the complainant on her examination before the justice is reduced to writing by him and transmitted to the district court, not to be used as original evidence of the guilt of the accused, but in order that her statements made before the justice may be compared with her testimony before the jury, either to confirm or impeach such testimony; but errors committed by the justice in the exclusion of testimony do not affect the jurisdiction of the district court. The first objection is therefore untenable.

*Second.* That the verdict is not sustained by sufficient evidence. A general synopsis of the evidence cannot be given without mentioning the names of a number of apparently respectable people, which should be avoided as far as possible in this class of cases. The complainant swears positively that the accused had sexual intercourse with her on the 17th and 18th of April, 1883, and the child was begotten at that time, and that he is the father of such child. The accused denies this positively, and testifies that at the dates mentioned he was in the western part of Madison county, twenty or more miles from home, engaged in the business of taking insurance. It is unfortunate for him, perhaps, that he was unable to produce any application for insurance, or writing of any kind received by him in course of the business of insurance at the place where he testified he was on the 17th and 18th of April, 1883, or policy of insurance, or copy or memorandum thereof. Nor was he able to prove by any witness, except himself, the alleged alibi. One Clinton Smith, who seemed to glory in his shame, testified that on or about the 17th of April, 1883, he had sexual intercourse with the complainant. This she denies. It is very evident that the jury placed no confidence whatever in Smith's testimony as he

shows a great desire to aid the plaintiff. One Schram also testifies that he had sexual intercourse with complainant about that time, which she also denies. The other testimony in the case need not be referred to. In our view there is sufficient testimony to sustain the verdict.

In *Spurgeon v. Clemmons*, 6 Neb., 307, it was proved by the testimony of two credible, disinterested witnesses, that Spurgeon was absent some thirty miles from Rock Bluffs, where the alleged intercourse took place, from the 15th of September to the 24th of December, 1874, the child being born August 14th, 1875. But there is no such conclusive testimony in this case.

*Third.* That the court erred in refusing to give the following instructions: "If you believe from the evidence of Julius Schram and Clinton Smith and the other evidence in the case, that the plaintiff had submitted to improper connection, or had sexual intercourse with the said Julius Schram or Clinton Smith, or any other person about the time when the illegitimate child in this case was begotten, then this circumstance destroys the plaintiff's competency as a witness to prove that the defendant herein is the father of her child."

"The burden of proof in this case rests with the plaintiff, and she must show beyond a reasonable doubt to your minds that defendant is the father of her child, or you should acquit the defendant."

Both instructions were properly refused. The mother was a competent witness in the case, and even if the jury believed that she had sexual intercourse with Smith and Schram about the 17th of April, 1883, still her testimony being before the jury, they were to give it such weight as they deemed it entitled to. Testimony contradicting her statements denying intercourse with other men was admissible for the purpose of affecting her credibility before the jury. *State v. Reed*, 45 Iowa, 469. *McCoy v. People*, 65 Ill., 439. If a doubt is raised as to the paternity of a bas-

tard child by reason of the complainant's connection with other men at. about the time it was begotten, other facts may be shown sufficient to satisfy the jury that the accused is the father. *State v. Pratt*, 40 Iowa, 631. In other words, the jury are to determine from all the evidence before them whether or not the accused is the father of the child. The first instruction, therefore, was properly refused.

The second instruction also was properly refused. The proceeding is essentially a civil one, and the rules of evidence governing civil actions are applied. *Carter v. Krise*, 9 O. S., 402. *Glenn v. State*, 46 Ind., 368. *State v. Evans*, 19 Ind., 92. *Byers v. State*, 20 Ind., 47. *State v. Brown*, 44 Ind., 329. In this state a preponderance of evidence is all that is required in civil actions, even in cases of fraud. *Patrick v. Leach*, 8 Neb., 538. *Search v. Miller*, 9 Id., 30. *Kopplekom v. Huffman*, 12 Id., 101.

In *Patrick v. Leach* (page 538) it is said, "In a civil action the law does not require the jury to be satisfied beyond a reasonable doubt as in criminal cases." The court did not err, therefore, in refusing to give the instruction. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.