Filed Sept. 20, 1888.

---

No. 12,722.

## REYNOLDS *v.* THE STATE, EX REL. COOPER.

PRACTICE.—*Civil Action.*—*Preponderance of Evidence.*—In civil actions a preponderance of the evidence only is necessary to establish the affirmative of an issue, whatever the nature of that issue may be.

BASTARDY.—*Rules of Practice.*—*Civil Action.*—A prosecution for bastardy is a civil action, and the rules of practice applicable to other civil actions are applicable to it, except when a different or special procedure is provided by the statute.

From the LaPorte Circuit Court.

*D. J. Wile* and *F. E. Osborn,* for appellant.

*L. A. Cole,* for appellee.

ZOLLARS, J.—In this action by the State, upon the relation of Jennie Cooper, appellant was adjudged to be the father of her illegitimate child.

The only point made here is, that the finding and judgment by the court below are not sustained by sufficient evidence.

A part of the argument is, that the proceeding partakes so much of the nature of a criminal proceeding that no judgment should be rendered against a defendant unless the evidence shows beyond a reasonable doubt that he is the father of the child. That argument is not well founded.

It is settled by a long line of our cases, that, under the code,

a prosecution for bastardy is a civil action, and that the rules of practice applicable to other civil actions are applicable to it, except where a different and special procedure is provided. *Galvin* v. *State, ex rel.*, 56 Ind. 51; *State, ex rel.*, v. *Brown*, 44 Ind. 329; *Hawley* v. *State, ex rel.*, 69 Ind. 98; *State, ex rel.*, v. *Evans*, 19 Ind. 92; *Stone* v. *State, ex rel.*, 33 Ind. 538; *Saint* v. *State, ex rel.*, 68 Ind. 128; *De Priest* v. *State, ex rel.*, 68 Ind. 569; *Maloney* v. *Newton*, 85 Ind. 565 (569); *Powell* v. *State, ex rel.*, 96 Ind. 108.

These cases are in harmony with the letter and spirit of the general provisions of the code, and especially with sections 980 and 983, R. S. 1881, which are as follows:

Section 980. "The prosecution (for bastardy) shall be in the name of the State of Indiana, on the relation of the prosecuting witness; but the rules of evidence shall be the same as in civil cases," etc.

Section 983. "The trial and continuance thereof of such prosecution, both before the justice and in the circuit court, shall, in all respects not herein otherwise provided for, be governed by the law regulating civil suits."

The only reasonable conclusion to be drawn from these statutes, the general provisions of the code, and the cases cited, and others that might be cited, is, that, in a prosecution for bastardy, a preponderance of the evidence is all that is necessary to establish the case against the defendant.

In such a case, as in other civil actions, this court will not reverse the judgment if there is evidence fairly tending to support it. That rule has been uniformly applied. *Dibble* v. *State, ex rel.*, 48 Ind. 470 ; *Askren* v. *State, ex rel.*, 51 Ind. 592; *De Priest* v. *State, ex rel., supra.*

If any other authority were necessary it will be found in the late case of *Continental Ins. Co.* v. *Jachnichen*, 110 Ind. 59, where, after a thorough examination of the whole question, and a review of numerous cases and authorities, it was held that in all civil actions, a preponderance of the evidence

only is necessary to establish the affirmative of an issue, whatever the nature of that issue may be.

We have examined the evidence as we find it in the record. It would not be profitable to set it out in full or in substance. The judgment can not be reversed upon the evidence. The testimony of the relatrix is corroborated, that of appellant is not. The judgment could not be reversed upon the evidence, if the rule contended for by counsel for appellant were the proper rule to apply in such cases. As we have already seen, in a case like this, a preponderance of the evidence is all that is necessary to justify the trial court in finding the affirmative of an issue. And in this court, as already stated, a judgment will not be reversed if there is evidence fairly tending to support it.

Judgment affirmed, with costs.

Filed Sept. 19, 1888.