## Archibald McCoy

### *v.*

## The People of the State of Illinois.

Bastardy—*sufficiency of evidence to sustain charge.* In a prosecution for bastardy, the only proof of the charge was the unsupported testimony of the complainant, who testified that she gave birth to the child on the 15th of August, 1871; that it was the result of a single act of illicit intercourse with the defendant in the middle or latter part of November, 1870, and that that was the only time she ever had intercourse with defendant or any other person. The defendant, in his testimony, denied the charge in all its parts, and proved, by another witness, that he had frequent sexual intercourse with complainant in October and November, 1870, and that she informed him of her pregnancy and asked him what he was going to do about it. Two other witnesses testified that they surprised her in sexual intercourse with another person in October or November, 1870. She informed her father that the father of the child lived in a different county from that of defendant. Defendant's witnesses were in no way impeached, except a certain matter was urged against their credibility: *Held*, that taking the whole testimony together, it was not sufficient to sustain a verdict finding the defendant to be the father of the child.

Appeal from the Circuit Court of Ogle county; the Hon.
W. W. Heaton, Judge, presiding.

Mr. E. F. Dutcher, and Mr. E. F. Bull, for the appellant.

Messrs. Eustace, Barge & Dixon, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

The proof of the charge of bastardy made in this case rests
upon the unsupported testimony of the complainant.

She testified that she gave birth to the child on the 15th
day of August, 1871; that it was the result of a single act
of illicit intercourse between herself and the defendant, in
the middle or latter part of November, 1870, and that that
was the only instance of such intercourse she ever had with
the defendant or any other person.

On the part of the defense, the defendant, by his own testimony, denied the charge in all its parts.

Another witness testified that he himself had sexual intercourse with the complainant as often as once, and sometimes
twice, a week, during the months of October and November,
1870, and that during her pregnancy she informed him of her
condition, and inquired of him what he was going to do about
it. Two other witnesses testify to having surprised the complainant and still another person in the direct act of sexual
intercourse, in October or November, 1870.

The complainant had informed her own father that the father
of the child lived at Shannon, in another county, that of Carroll;
in consequence of which, her father went there to see the person on the subject. The defendant never lived at that place,
as the complainant herself testified. This was a circumstance
affecting the credibility of her testimony.

The witnesses on the part of the defendant were in no way
attempted to be impeached, save that, as to two of them, it
was relied upon as detracting from their credibility, that, previous to the making of the complaint in this case, they had

made voluntary affidavits, before a justice of the peace, of the facts which they testified to on the trial.

In view of the whole testimony, a majority of the court regard it as too unsatisfactory to fix the paternity of the child upon the defendant, and the court below should have set aside the verdict as being clearly against the weight of evidence, and have granted a new trial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*