THE PEOPLE *ex rel.* SUE GERARD, Plaintiff-Appellee, *v.* THOMAS WILSON, Defendant-Appellant.

(No. 74-48;

Third District—September 25, 1974.

William M. Walker, of Coryn & Walker, of Rock Island, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Rock Island County entered in a cause tried by the court without a jury, in which the court found the defendant, Thomas Wilson, to be the father of the illegitimate child born to the plaintiff, Sue Gerard, and in which a judgment assessing child support in the sum of $25 per week was entered against defendant. Defendant was also ordered to reimburse appellee, Sue Gerard, the sum of $210.64 which represents one-half of the medical and prescription expense occasioned by the pregnancy and birth of the child.

Defendant raises three basic points on appeal in this cause: (1) an assertion that appellee failed to prove by a preponderance of the evidence that defendant Thomas J. Wilson was the father of the child of appellee, (2) that the monetary award of $25 per week was excessive in view of the fact that appellant's total income was $106 per month and that the award constituted an abuse of judicial discretion, and (3) that it was reversible error for the trial court to permit introduction by appellee of a copy of a letter from appellee to appellant, and a letter in reply presumably received from appellant together with a check payable to appellee. The evidence for the People consisted of the testimony of appellee Sue Gerard to the effect that she had sexual intercourse with defendant Thomas J. Wilson on three occasions during the last part of August and the early part of September 1971 and that she had intercourse with no other man during that period and for the 3-month period preceding. The dates involved would cover the conception period of the child born to Sue Gerard.

As indicated, a copy of a letter from appellee was introduced in evidence in which she requested money for the pregnancy expense. A letter in reply, which was received by appellee, and signed purportedly by appellant and enclosing appellant's check payable to appellee were all introduced in evidence over objection. Appellee testified that the handwriting on the check was the same as that on the accompanying letter.

The defense consisted of the testimony of two witnesses who each testified that he had intercourse with appellee during the conception period. One of the witnesses was a brother of appellant Wilson and the other was a friend of appellant Wilson. Some aspects of the testimony of these witnesses displayed uncertainty as to the place where the intercourse in the automobile had taken place. Appellee Sue Gerard denied the allegations of defense witnesses as to intercourse, and stated that she had no intercourse with either the brother of defendant or his friend who testified on behalf of defendant. Following the presentation

of evidence, the trial judge remarked that what appellee did or did not do with the other men did not make any difference to him.

■■ It has been clearly established that unless the findings of the trial judge are clearly and palpably against the manifest weight of the evidence, a court of review would not set aside the order of the trial court in a paternity case even though there was testimony by witnesses for the defense that other men had intercourse with the complaining witness during the period of conception (*People v. Rimicci*, 97 Ill.App.2d 470, 240 N.E.2d 195). In that case the court clearly established that the testimony of the relatrix, if believed by the trier of fact, was suffiicent to support a finding that defendant was the father of the child born to her. The court emphasized that the credibility of witnesses and the weight of the testimony are for the trier of fact to determine. The court in that case stated that the evidence was conflicting as to whether the relatrix had engaged in intercourse with other men during the period of conception. Nevertheless, the court indicated there that it would not interfere with the resolution of the factual disputes by the trier of fact, since the finding was not clearly and palpably against the manifest weight of the evidence. The relatrix in that case also denied the allegations of intimacies with other men during the period of conception. The court emphasized that if the testimony of the relatrix was believed it was sufficient in itself to support a finding that defendant was the father of the child, despite contradictory evidence of other acts of intercourse with other men.

Similarly, in the instant case, we cannot find that the conclusion of the trial court was clearly contrary to or palpably against the manifest weight of the evidence, and, accordingly, the determination of the trial court on the issue of paternity will not be disturbed. In this connection we conclude from the record that, despite the statement by the trial court that what appellee did with other men did not make any difference, it is apparent that the trial judge actually believed the appellee and did not believe the testimony for appellant on the issue of whether appellee had intercourse with men other than defendant during the period of conception.

■■ Defendant contends that *McCoy v. People*, 65 Ill. 439, is a precedent establishing a conclusion that where the only evidence of paternity is the unsupported testimony of complainant and where there is testimony of other acts of sexual intercourse by complainant, even though defendant denies the charge, the finding of paternity must be reversed. We do not agree with this analysis. We note that in the *McCoy* case, the court required independent eyewitness corroboration of the other

sexual acts. Another important distinction is shown in the corroboration of appellee's testimony by virtue of the check sent by defendant to appellee. Defendant himself, in the instant case, did not testify, but denied having intercourse with appellee by his answer to the complaint. No one, however, testified in contradiction to Sue Gerard who stated she had sexual intercourse on three occasions with defendant Wilson. The evidence was sufficient to support a finding of paternity by the trial judge (*People v. Rimicci*, 97 Ill.App.2d 470, 240 N.E.2d 195).

■■ The objection relating to the introduction of the check and the letter from defendant, as well as a copy of the letter from plaintiff, hereinabove referred to, is predicated on the proposition that the exhibits were not sufficiently authenticated. We do not believe it would be necessary to go into detail with respect to this issue since obviously the check of defendant was admitted and the letter from him was sufficiently corroborated by testimony of Sue Gerard to the effect that the handwriting was the same. The error, if any, in admitting the copy of appellee's letter was harmless. We find no reversible error in the admission of such documents in this cause in view of the record established on behalf of the complaining witness.

■■ It is apparent from the record that the award given by the trial court exceeds the gross income of defendant. The Paternity Act (Ill. Rev. Stat. 1971, ch. 106¾, § 59) requires that the court consider the financial resources of the father in determining the amount of the payment to be made. The record in this case does not clearly establish that the court explored all sources of support available to defendant and his possibilities of employment. The statute confers retained jurisdiction over this cause for the purpose of determining what is a reasonable amount to be allowed which can be modified as circumstances require. Accordingly, we conclude that there should be a limited remandment for a hearing on the question of the amount to be assessed for support of the child.

The order of the trial court finding that defendant Wilson is the father of the child is affirmed, but the order specifying that defendant should make the payments of $25 per week and the further sum of $210.64 does not appear to be clearly supported by the evidence. This cause is, therefore, remanded for the limited purpose of conducting a hearing on the financial resources of defendant to determine a reasonable amount to be specified for payment for child support by defendant.

Affirmed in part and reversed and remanded in part.

SCOTT, P. J., and STOUDER, J., concur.